IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AT&T CORP.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-1217-L** |
| | § | |
| **GALLER INVESTMENTS, INC., f/k/a** | § | |
| **CENTURY 21-MCKINNEY &** | § | |
| **GALLER, INC.**, | § | |
| | § | |
| Defendant/Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **LOGIX COMMUNICATIONS, L.P.**, | § | |
| | § | |
| Third-Party Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, filed October 15, 2007; and (2) Motion to Dismiss of Logix Communications, L.P. dba Logic Communications, filed June 23, 2008. After carefully considering the motions, briefs, record, and applicable law, the court **grants** Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and **denies as moot** Motion to Dismiss of Logix Communications, L.P. dba Logic Communications.

**I.    Factual and Procedural Background**

Plaintiff AT&T Corp. ("Plaintiff" or "AT&T") filed its Original Complaint on July 9, 2007, alleging state law claims of breach of contract and quantum meruit. Plaintiff alleges that its complaint arises under section 203 of the Federal Communications Act of 1934, 47 U.S.C. § 201

*et seq*. AT&T contends that Defendant Galler Investments, Inc. f/k/a Century 21- McKinney & Galler, Inc. ("Defendant" or "Galler") breached contracts it made with AT&T by failing to pay for telecommunications services. Defendant has moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction, arguing that AT&T's claims arise under state law only and therefore there is no federal question jurisdiction over this case.

## II. Legal Standard – Subject Matter Jurisdiction

### A. The General Standard

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### B. "Arising Under"

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, commonly referred to as "arising under" jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.)

In its most recent pronouncement on "arising under" jurisdiction, the high court dealt with what it called a "longstanding, if less frequently encountered, variety of 'federal arising under' jurisdiction." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). *Grable* makes unequivocally clear that, under this type of "arising under" jurisdiction, the existence of a cause of action created by federal law is not a prerequisite to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 or removal jurisdiction pursuant to 28 U.S.C. § 1441(a).

*Id.* In deciding whether a state law claim invokes federal jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," *id.*, a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14.

### III.  Analysis

Defendant moves to dismiss Plaintiff's complaint, arguing that the court lacks subject matter jurisdiction. Galler contends that Plaintiff's contract and quantum meruit claims are state law claims that do not require any interpretation of the Federal Communications Act of 1934 ("FCA"). Plaintiff responds that through sections 201 and 202 of the FCA, Congress preempted state law challenges to the validity of rates, services, or terms and conditions of long-distance telephone contracts.

AT&T relies primarily upon two decisions from the Seventh Circuit Court of Appeals in support of its argument that the FCA preempts its state law claims and therefore this court has subject matter jurisdiction. *See Boomer v. AT&T Corp*, 309 F.3d 404 (7th Cir. 2002); *Dreamscape Design, Inc. v. Affinity Network, Inc.*, 414 F.3d 665 (7th Cir.), *cert. denied*, 546 U.S. 1075 (2005). Neither party has cited any authority from the Fifth Circuit Court of Appeals or district courts in this circuit supporting its position. The court has not found any authority from this circuit that is directly on point and so considers these cases from the Seventh Circuit and the parties' arguments.

In *Boomer*, the plaintiff sued AT&T bringing a putative class action and alleging that it overcharged its customers for contributions to the federal Universal Services Fund. 309 F.3d at 408. AT&T moved to compel arbitration or dismiss the case, arguing that plaintiff had signed a consumer service agreement ("CSA") that prohibited class actions and mandated arbitration. *Id*. The court considered whether the plaintiff's state law claims were preempted by the FCA and whether he was bound by the arbitration clause. *Id*. Specifically, the court held that the arbitration clause of the CSA at issue was preempted by the FCA. *Id*. at 423. The court set forth three reasons:

> First, [sections 201(b) and 202 of the FCA], and the Communications Act in general, demonstrate a congressional intent that customers of individual long-distance carrier receive uniform terms and conditions of service; however, allowing a state law challenge to the CSA's arbitration clause would result in customers receiving different terms based on their locality. Second, the incorporation of the arbitration clause in the CSA allows AT&T to offer lower rates, and allowing state law to invalidate this clause will affect the rates AT&T offers, resulting in discriminatory rate structures. Third, Section 201 declares unlawful rates, terms and conditions which are not just and reasonable, demonstrating Congress's intent that federal law govern the validity of the terms and conditions of long-distance service contracts.

*Id*. at 418. For these reasons, the court determined that the plaintiff's claims, which "challenge[] the validity of the terms and conditions contained in long-distance contracts," were preempted by federal law. *Id*. at 423.

In *Dreamscape Design*, the plaintiff, on behalf of a putative class, asserted state law claims of fraud and breach of contract related to the cost of long-distance services provided by Defendant Affinity. 414 F.3d at 666. Plaintiff alleged that Affinity fraudulently advertised its per-minute rates while it actually charged the plaintiff by "total call limit" instead of by the minute, which resulted in much higher bills. *Id*. With respect to the breach of contract claim, the plaintiff "candidly

concedes . . . that this claim necessarily challenges Affinity's rates and terms as set forth in its tariff . . . ." *Id*. at 674. The court concluded that the plaintiff's claims were preempted by federal law. *Id*. at 675.

Plaintiff argues that sections 201 and 202 of the FCA "preempt[] any state law challenges to the validity of rates, services or terms and conditions." Pl Resp. ¶ 14. Section 201(b) of the FCA provides:

> All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful.

47 U.S.C. § 201(b). Section 202(a) of the FCA states:

> It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

47 U.S.C. § 202(a).

Defendant responds that even *Boomer*, relied upon by Plaintiff, holds that only claims involving the terms and conditions of long-distance services are preempted by the FCA, not claims involving the legal relationship between carrier and customer. In that case, the court quoted from a letter from the Federal Communications Commission ("FCC") that states:

> While the Communications Act governs the determination as to the lawfulness of rates, terms, and conditions, we note that the Communications Act does not govern other issues, such as contract formation and breach of contract, that arise in a detariffed environment. As stated in the *Second Report and Order*, consumers may have remedies under state consumer protection and contract laws

> as to issues regarding the legal relationship between the carrier and customer in a detariffed regime.

309 F.3d at 422 (quoting 12 FCC Rcd. at 15,057 ¶ 77)). The court in *Boomer* went on to state, in light of the FCC statement, that "while state law may determine whether a contract has been formed, federal law still governs the validity of the rates, terms and conditions of the contract." 309 F.3d at 423.

The court has reviewed the cases cited by Plaintiff, its Original Complaint, and Defendant's Answer. AT&T's claims are based upon Defendant's alleged non-payment for services rendered. Plaintiff alleges that Defendant has breached its contract with AT&T and that it has been unjustly enriched by its failure to pay for services. Orig. Compl. ¶¶ 9, 16. Defendant has filed its Conditional Original Answer and pleads that "[t]his lawsuit is a simple debt collection matter and nothing more." Ans. ¶ 3. Defendant denies liability for the charges. *Id.* ¶¶ 11-12. Defendant does raise defenses, including denying that it has any contractual relationship with AT&T, and stating that its third-party telecommunications provider, Logix Communications, had been instructed to block international calls. *Id.* ¶¶ 14-15. Galler also pleads that it is Logix that is responsible for the charges at issue. *Id.* ¶ 16.

The court determines that unlike the plaintiffs in *Dreamscape* and *Boomer*, AT&T's claims and Galler's defenses do not implicate any rate, term, or condition of the contract that is subject to federal law. Instead, this case is a breach of contract and unjust enrichment dispute that arises under Texas law and does not implicate the FCA. No party challenges the terms, rates, or conditions that are affected by the FCA; rather, the parties disagree about who is liable for charges for certain services. The court in *Boomer* held that state law can determine whether a contract has been formed.

309 F.3d at 423. The court finds that the issues in this case are contractual and do not implicate the rates, terms, or conditions of the telephone service.

Accordingly, the court determines that Plaintiff's claims arise under state law and do not raise any federal issues under the FCA. For that reason, Plaintiff's claims are not preempted. The court lacks subject matter jurisdiction over Plaintiff's claims, and it must dismiss them pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

After this motion was filed, Galler filed a third-party complaint against Logix Communications ("Logix"). Galler asserts state law claims of breach of contract, promissory estoppel, and negligence against Logix. Defendant contends that supplemental jurisdiction is proper over its third party claims pursuant to 28 U.S.C. § 1367. Because the court has determined that it lacks subject matter jurisdiction over AT&T's action against Galler, the court *sua sponte* concludes that it does not have subject matter jurisdiction over Galler's third-party action against Logix. *See McDonal*, 408 F.3d at 182 n.5. Accordingly, the court **denies as moot** Motion to Dismiss of Logix Communications, L.P. dba Logic Communications.

### IV. Conclusion

For the reasons stated herein, Plaintiff's claims are not preempted by federal law and thus the court lacks subject matter jurisdiction. Accordingly, the court **grants** Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and **dismisses without prejudice** AT&T's action against Galler and Galler's third-party action against Logix. The court **denies as moot** Motion to Dismiss of Logix Communications, L.P. dba Logic Communications.

**It is so ordered** this 13th day of August, 2008.

                                              Sam A. Lindsay
                                              United States District Judge